SUMMARY ORDER

Bledar Agastra, a native and citizen of Albania, seeks review of a March 26, 2008 order of the BIA affirming the September 8, 2006 decision of Immigration Judge (“IJ”) Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bledar Agastra, No. A79 417 042 (B.I.A. Mar. 26, 2008), affg No. A79 417 042 (Immig. Ct. Hartford, Connecticut Sep. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA affirms the IJ’s decision in all respects but one, we review the IJ’s decision as modified by the BIA decision. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, because the BIA affirms “that portion of the [IJ]’s decision finding that the DHS has demonstrated that there has been a fundamental change in circumstances in Albania,” we limit our review to that portion of the IJ’s decision.[1] We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005); Tian-Yong Chen v. INS, 359 F.3d 121,129 (2d Cir.2004).
We find that the IJ properly determined that there has been a fundamental change in circumstances in Albania such that, even assuming Agastra suffered past persecution, any presumption of a well-founded fear of persecution has been rebutted. See 8 C.F.R. § 1208.13(b)(l)(i)(A); Hoxhallari v. Gonzales, 468 F.3d 179 (2d Cir.2006). Agastra argues that the IJ erred in giving disproportionate weight to the Department of State Country Reports in making his fundamental change in circumstances finding, and failing to give weight to “contradictory information and evidence” that Agastra provided. However, Agastra fails to, with respect to applicants who base their asylum claims on their involvement with the Democratic Party, indicate any such “contradictory” evidence in the record, and the IJ did note that “[t]here are no documents from Amnesty International or other human rights organizations indicating that political violence has continued to any significant degree in Albania.” Finally, our past decisions on this matter clearly support the agency’s conclusion that there has been a fundamental change in circumstances in Albania “[b]ased on the *996 improvement in the human rights situation, and the election of the democratic party in 2005.” See Hoxhallari, 468 F.3d at 187.
While Agastra argues that the past persecution he suffered warrants a grant of humanitarian asylum, he did not raise that argument before the agency, and we decline to consider any such argument as unexhausted. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007) (describing the issue exhaustion requirement as “mandatory”). Further, because the agency’s fundamental change in circumstances finding is dispositive of Agastra’s application for asylum, particularly considering his failure to exhaust his argument for a grant of humanitarian asylum, we need not consider the IJ’s finding that he could have reasonably relocated within Albania.[2] Accordingly, substantial evidence supports the IJ’s denial of Agastra’s application for asylum. 8 U.S.C. § 1252(b)(4)(B); see also Manzur, 494 F.3d at 289.
Finally, the IJ properly found that Agastra had not provided sufficient evidence to establish eligibility for CAT relief, and he fails to indicate anything in the record to compel the contrary conclusion. 8 U.S.C. § 1252(b)(4)(B).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. As an initial matter, although petitioner is challenging the denial of relief in "asylum-only” proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir.2006).

. The Government correctly argues that Agastra's failure to challenge the agency’s denial of his withholding of removal claim constitutes a waiver of that category of relief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).